UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------x

REYNA HERNANDEZ ESTEBAN,

        Plaintiff,

v.

SANTA ROSA RESTAURANT, LLC,
ALFREDO FRANCISCO RIVAS,
and JUANA RIVAS,

        Defendants.
-------------------------------------------------------------x

Case No.:

**COMPLAINT**
(Jury Trial Demanded)

FILED
2013 JUL -9 A 11: 52
U.S. DISTRICT COURT
BRIDGEPORT, CONN

        Plaintiff, REYNA HERNANDEZ ESTEBAN, by and through her attorneys, Ma'ayergi & Associates, LLC, and Seham, Seham, Meltz & Petersen, LLP, files this Complaint against Defendants, SANTA ROSA RESTAURANT, LLC, ALFREDO FRANCISCO RIVAS, and JUANA RIVAS, and states as follows:

## NATURE OF THE CASE

    1.    Plaintiff alleges that pursuant to the Fair Labor Standards Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "FLSA"), she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime; (3) illegally retained tips; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

    2.    Plaintiff further alleges that pursuant to Connecticut General Statutes §§31-58 *et seq.*, and Connecticut State Department of Labor Regulations, she is entitled to recover from Defendants: (1) unpaid minimum and straight-time wages; (2) unpaid overtime; (3) illegally retained tips; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## PARTIES

3. Plaintiff, Reyna Hernandez Esteban ("Esteban"), is a resident of the state of New York, and at all relevant times was employed by Defendants at Santa Rosa Restaurant, located at 2671 Fairfield Avenue, Bridgeport, CT 06605.

4. Plaintiff also was employed by the Defendants in Defendants' home at 114 Bullard Street, Fairfield, CT 06825.

5. Defendant, Santa Rosa Restaurant, LLC ("Santa Rosa"), is a business entity organized and operating under the laws of the State of Connecticut, headquartered and operating at 2671 Fairfield Avenue, Bridgeport, CT 06605.

6. Santa Rosa constitutes an "enterprise" within the meaning of section 3(r)(1) of the FLSA. Said enterprise, at all times hereinafter mentioned, has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, as amended.

7. Upon information and belief, Defendant Alfredo Francisco Rivas was at all relevant times an owner, officer, director, and/or managing agent of Santa Rosa, and was engaged in the payroll practices of Santa Rosa.

8. Defendant Alfredo Francisco Rivas was, at all relevant times, in active control and management of Santa Rosa, regulated the employment of all persons employed by Santa Rosa, acted directly and indirectly in the interest of Santa Rosa in relation to said employees, and

was thus an employer of said employees, including Plaintiff, within the meaning of section 203(d) of the FLSA.

9. Upon information and belief, Defendant Alfredo Francisco Rivas resides at 144 Bullard Street, Fairfield, CT 06825.

10. Upon information and belief, Defendant Juana Rivas at all relevant times was an owner, officer, director, and/or managing agent of Santa Rosa, and was engaged in the payroll practices of Santa Rosa.

11. Defendant Juana Rivas was, at all times, in active control and management of Santa Rosa, regulated the employment of all persons employed by Santa Rosa, acted directly and indirectly in the interest of Santa Rosa in relation to said employees, and was thus an employer of said employees, including the Plaintiff, within the meaning of section 203(d) of the FLSA.

12. Upon information and belief, Defendant Juana Rivas resides at 144 Bullard Street, Fairfield, CT 06825.

13. Upon information and belief, Defendants Alfredo Francisco Rivas and Juana Rivas own the property located at 257 Locust Avenue, Port Chester, NY 10573.

## JURISDICTION AND VENUE

14. Jurisdiction is conferred on this Court by 28 U.S.C. §1337, giving the District Court original jurisdiction of "any civil action or proceeding arising under any act of Congress regulating commerce," without regard to the citizenship of the parties or the sum or value in controversy, by 28 U.S.C. §1331 giving the District Court original jurisdiction of "all civil actions arising under the … laws … of the United States," and by section 16(b) of the FLSA (29 U.S.C. §216(b)).

15. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367, in that the Connecticut State law claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

16. Venue in this Court is proper under 28 U.S.C. § 1391, because Defendants maintain their principal place of business in, do business in, and accordingly reside in, this district.

17. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this district.

## FACTS

18. At all relevant times, each Defendant was an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce," within the meaning of Section 3 of the FLSA, 29 U.S.C. § 203, and Connecticut General Statutes §31-58(e) and 37-71a(1).

19. At all times herein set forth, the Defendants engaged in business activity in the State of Connecticut.

20. At all times relevant to this Complaint, the Plaintiff was an "employee" of the Defendants, within the definition of the FLSA, 29 U.S.C. § 203(e)(1), and Connecticut General Statutes §31-58(f) and 31-71a(2).

21. In or about April 2009, Defendants hired Plaintiff to work at Santa Rosa, a restaurant in Bridgeport, Connecticut.

22. Plaintiff worked at Santa Rosa from April 2009 until February 2012.

23. During the time that Plaintiff worked at Santa Rosa, she was the only employee of the Defendants.

24. Plaintiff's duties at Santa Rosa included waiting on tables, serving food, clearing

tables, cooking, and cleaning.

25. For the first month of her employment at Santa Rosa, Plaintiff worked from 11:00 AM to 10:00 PM, six days per week.

26. In or about May 2009, Plaintiff moved into the home of Defendants Alfredo Francisco Rivas and Juana Rivas (the "Rivas Defendants") in Fairfield, Connecticut.

27. While living in the Rivas Defendants' home, Plaintiff performed services for the Rivas Defendants, including providing elder care services to Defendant Alfredo Francisco Rivas' father, and cleaning the Rivas Defendants' house.

28. Plaintiff was not compensated for any of the work she performed in the Rivas Defendants' home.

29. The Rivas Defendants' failure to compensate Plaintiff for work performed in their home was willful.

30. In or about May 2009, Plaintiff's work hours at Santa Rosa were increased, and she began to work from 8:00 AM to 11:00 PM, seven days per week.

31. At the beginning of her employment at Santa Rosa, Plaintiff was paid $200 per week.

32. Plaintiff's pay was increased to $250 per week in our about January 2010.

33. Plaintiff's pay was increased to $300 per week in or about June 2010.

34. Plaintiff was not paid at statutory minimum wage rates for all of the hours that she worked at Santa Rosa.

35. Defendants illegally retained substantial portions of Plaintiff's tips that she received while working at Santa Rosa.

36. Defendants willfully failed and refused to compensate Plaintiff for her straight-

time hours at the minimum wage required by the FLSA and Connecticut General Statutes.

37.    Defendants willfully failed and refused to compensate Plaintiff for her work hours in excess of forty (40) hours per work week at rates not less than one and one-half (1.5) times the regular rates at which she was employed, as required by the FLSA and Connecticut General Statutes.

38.    Some of Plaintiff's earnings were deposited in a bank account, or bank accounts, owned and controlled by the Rivas Defendants.

39.    Upon information and belief, the Rivas Defendants have failed to return all of the money belonging to Plaintiff that was being held in the bank account(s) owned and controlled by the Rivas Defendants.

### FIRST CAUSE OF ACTION
### (FLSA Minimum Wage Claims Against All Defendants)

40.    Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-39 of this Complaint.

41.    At all times relevant to this cause of action, Defendants employed the Plaintiff at Santa Rosa and in their home within the meaning of the FLSA.

42.    Defendants willfully violated the FLSA by failing to pay Plaintiff the federal minimum wage, as required under Section 7(a)(1) of the FLSA, 29 U.S.C. § 206(a).

43.    As a consequence of Defendants' willful violation of Plaintiff's rights under the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, the difference between her actual wages paid and the federal minimum wage as unpaid wages for work actually performed, an additional amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (FLSA Overtime Claims Against All Defendants)

44. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-43 of this Complaint.

45. At all times relevant to this cause of action, Defendants employed Plaintiff at Santa Rosa and in their home within the meaning of the FLSA.

46. Defendants willfully violated the FLSA by failing to pay Plaintiff overtime hours for hours worked in excess of forty per week, as required under Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1).

47. As a consequence of Defendants' willful violation of Plaintiff's rights under the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages for work actually performed, an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

### (Connecticut Minimum Wage Claims Against All Defendants)

48. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-47 of this Complaint.

49. At all times relevant to this cause of action, Defendants employed Plaintiff at Santa Rosa and in their home within the meaning of the Connecticut General Statutes §§31-58 *et seq.*

50. Defendants willfully failed to pay Plaintiff the Connecticut State minimum wage as required by the Connecticut General Statutes §§31-58 *et seq.*, and supporting Connecticut State Department of Labor Regulations.

51. As a consequence of Defendants' willful violation of Plaintiff's rights under the Connecticut General Statutes §§31-58 *et seq.*, and supporting Connecticut State Department of Labor Regulations, Plaintiff is entitled to recover from Defendants, jointly and severally, the difference between her actual wages paid and the state minimum wage as unpaid wages for work actually performed, an additional amount in liquidated damages, costs, and reasonable attorneys' fees, pursuant to Connecticut General Statutes §§31-58 *et seq.*

## FOURTH CAUSE OF ACTION
### (Connecticut Overtime Claims Against All Defendants)

52. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-51 of this Complaint.

53. At all times relevant to this cause of action, Defendants employed Plaintiff at Santa Rosa and in their home within the meaning of the Connecticut General Statutes and supporting Connecticut State Department of Labor Regulations.

54. Defendants willfully failed to pay Plaintiff overtime hours for hours worked in excess of forty per week, as required by the Connecticut General Statutes and supporting Connecticut State Department of Labor Regulations.

55. As a consequence of Defendants' willful violation of Plaintiff's rights under the Connecticut General Statutes and supporting Connecticut State Department of Labor Regulations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages for work actually performed, an additional amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to the Connecticut General Statutes §§31-58 *et seq.*

## FIFTH CAUSE OF ACTION
### (Illegal Tip Retention)

56. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-55 of

this Complaint.

57. Defendants unlawfully retained portions of the tips earned by Plaintiff during her employment by Defendants at Santa Rosa.

58. Defendants' illegal retention of Plaintiff's tips violated the FLSA and Connecticut state law.

59. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, an additional amount in liquidated damages, costs, and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Return of Money Held by Rivas Defendants)

60. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-59 of this Complaint.

61. Plaintiff seeks return of all money belonging to Plaintiff that was held in the bank account(s) owned and controlled by the Rivas Defendants and has not yet been returned to Plaintiff.

## RELIEF DEMANDED

**WHEREFORE**, cause having been shown, Plaintiff Reyna Hernandez Esteban prays for judgment jointly and severally against Defendants as follows:

1. For an Order for damages to be awarded to Plaintiff Reyna Hernandez Esteban, pursuant to the FLSA and Connecticut General Statutes, for unpaid minimum wages, unpaid overtime compensation, and illegal tip retention, in an amount to be determined at trial, but not less than $86,000.00, and for an additional equal amount as liquidated damages.

2. For an Order awarding Plaintiff the costs of this action, including payment of reasonable attorneys' fees pursuant to 29 U.S.C. § 216, Connecticut General Statutes §§31-58 *et*

*seq.*, and other applicable statutes.

3. For an order requiring the Rivas Defendants to provide an accounting of all money belonging to Plaintiff that was deposited in bank account(s) owned and controlled by the Rivas Defendants, and ordering the Rivas Defendants to return all money belonging to Plaintiff that has not yet been returned.

4. For an Order awarding Plaintiff pre-judgment and post-judgment interest, as provided by law, and

5. Granting such additional relief as the Court deems proper and just.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury as to all claims to which they are entitled.

Dated: June 20, 2013

*[signature: Hamza Ma'ayergi]*

Hamza Ma'ayergi, Esq. (CT 17159)
MA'AYERGI & ASSOCIATES, LLC
60 Long Ridge Road - Suite 200
Stamford, Connecticut 06902
Tel: (203) 569-1180
Fax: (203) 569-1182
hmaayergi@maesquire.com

-and-

Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel: (914) 997-1346
Fax: (914) 997-7125
ssilverstone@ssmplaw.com

*Attorneys for Plaintiff*