UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REYNA HERNANDEZ ESTEBAN,<br><br>        Plaintiff,<br><br>        v.<br><br>SANTA ROSA RESTAURANT, LLC, ALFREDO FRANCISCO RIVAS, and JUANA RIVAS,<br><br>        Defendants. | No. 3:13-cv-963 (MPS) |

**ORDER**

Because Santa Rosa Restaurant, LLC, Alfredo Francisco Rivas, and Juana Rivas ("Defendants") failed to appear for their post-judgment examinations and failed to produce the required documents, Plaintiff Reyna Hernandez Esteban has filed a motion to compel Defendants to comply with the subpoenas and notices of examination dated January 22, 2016. (ECF No. 41.) For the reasons that follow, the Court DENIES Plaintiff's motion without prejudice.

On June 20, 2014, Plaintiff obtained a default judgment against the Defendants in the amount of $174,909.87. (ECF No. 24.) The entire judgment remains unsatisfied. (ECF No. 41 at 1.) On October 2, 2015, the Court ordered that Defendants be examined under oath at a time and place specified by Plaintiff's counsel concerning Defendants' property and means of paying the judgment under Rule 69 of the Federal Rules of Civil Procedure and Connecticut General Statutes § 52-397. (ECF No. 37.) Thereafter, Plaintiff's counsel prepared subpoenas and notices of examination requiring that Defendants produce certain documents and records and testify at a deposition on March 16, 2016. (ECF Nos. 38-1, 39-1, 40-1.) A non-party attempted to serve the subpoenas and related documents personally on Defendants along with a copy of the Court's Order (ECF No. 37) of October 2, 2015. According to his affidavits, the process server attempted

to serve Defendants at their business and home addresses nine times from November 7, 2015

until December 8, 2015. (ECF No. 41-1.) Finally, on February 24, 2016, a Connecticut State

Marshal left copies of the papers at the Defendants' usual place of abode at 144 Bullard Street,

Fairfield, CT. (ECF No. 41 at 3.) Such service is permitted by Conn. Gen. Stat. §52-57(a)

("Except as otherwise provided, process in any civil action shall be served by leaving a true and

attested copy of it . . . with the defendant, or at his usual place of abode, in this state").

"Any person who is at least 18 years old and not a party may serve a subpoena. Serving a

subpoena requires delivering a copy to the named person and, if the subpoena requires that

person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."

Fed. R. Civ. P. 45(b)(1). "The language of Rule 45 does not explicitly demand personal service

of a subpoena, but instead requires only that a copy be 'deliver[ed]' to the person whose

attendance or production of documents is sought. Such language neither requires in-hand service

nor prohibits alternative means of service." *Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200

(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (internal quotation marks and citations

omitted). Thus, "a growing number of courts . . . have held that 'delivery' under Rule 45 means a

manner of service reasonably designed to ensure actual receipt of a subpoena by a witness rather

than personal service. Even those courts that have sanctioned alternative means of service have

done so only after the plaintiff had diligently attempted to effectuate personal service." *Simmons*

*v. Fervent Elec. Corp.*, No. 14-CV-1804 ARR MDG, 2014 WL 4285762, at *1 (E.D.N.Y. Aug.

29, 2014) (internal citations omitted).

After Plaintiff failed to effect personal service, a Connecticut State Marshal left copies of

the subpoenas and related papers at Defendants' usual place of abode. Given the difficulties

Plaintiff has had serving Defendants personally or through certified mail,[1] this was reasonably likely to provide Defendants with actual timely notice of the deposition. Nowhere does Plaintiff suggest, however, that she tendered the fees for attendance and the mileage, as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure. Thus, Plaintiff has failed to show that service was valid. *Song v. Dreamtouch, Inc.*, No. 01 CIV. 0386 (AGS), 2001 WL 487413, at \*7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid.").

Therefore, the Court denies Plaintiff's request for an order directing Defendants to contact Plaintiff's counsel to reschedule their examinations. Plaintiff shall re-serve the subpoenas, together with a copy of this ruling, and re-notice the depositions of Defendants for a date at least 20 days from the date of this Order, along with fees for one day's attendance and the mileage allowed by law. The Court agrees that, because of Defendants' history of avoiding service, the documents shall be served on Defendants as follows: (i) by personally serving them (together with the required fees) on any employee of Santa Rosa Restaurant at the business located at 2671 Fairfield Avenue, Bridgeport, CT 06605; (ii) by service at Defendants' usual place of abode, 144 Bullard Street, Fairfield, CT; and (iii) by regular mail to the Defendants at Santa Rosa Restaurant, 2671 Fairfield Avenue, Bridgeport, CT 06605, and to their home, 144 Bullard Street, Fairfield, CT 06825. Plaintiff remains responsible for effecting service on Defendants.

---

[1] Defendants have previously sent correspondence to Defendants by certified mail, but all such mailings have been returned to Plaintiff. (ECF No. 41 at 2.) For example, on September 17, 2014, Plaintiff served post-judgment interrogatories on Defendants by certified mail. Defendants did not accept the certified mailings, and they were returned to Plaintiff. (ECF No. 71 at 2.)

If, after Plaintiff serves Defendants in this manner, Defendants fail to obey the subpoenas without adequate excuse, the Court may hold Defendants in contempt. Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). Plaintiff need not file a motion to compel, but may simply file a motion for contempt sanctions, together with proof of service of the foregoing papers and the motion, and a specification of the sanctions she seeks.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
             May 4, 2016